**FILED**

**DECEMBER 18, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL NEAL , | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Judge Presiding |
| COMMONWEALTH EDISON | ) | |
| COMPANY, | ) | |
| | ) | Magistrate Judge |
| Defendant. | ) | |

**07 C 7096**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE ASHMAN**

### COMPLAINT

_____**NOW COMES** the Plaintiff Michael Neal, by and through his attorney Charles

Siedlecki and complaining against the Defendant Commonwealth Edison, states as follows:

### *JURISDICTION AND VENUE*

1.      This action is brought pursuant to 42 U.S.C. § 1981; Title VII of the Civil Rights Act of

1964,  as amended 42 U.S.C. § 2000e,et seq.; and the Civil Rights Attorney's Fee's

Awards Act of 1976, 42 U.S.C. § 1988. Jurisdiction of this Honorable Court is invoked

pursuant to 28 U.S.C. §§ 1331, 1343(4), as well as this Honorable Courts power to assert

ancillary and pendant jurisdiction over any related state law claims. This action properly

lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)

in that the claim arose in this jurisdictional district.

### *PARTIES*

2.      Plaintiff, Michael Neal (hereinafter sometimes referred to as "Plaintiff"), is a citizen of

-1-

the United States of America and a resident of the State of Illinois

3.      Defendant Commonwealth Edison, (hereinafter sometimes referred to as "Defendant") is
        a registered Illinois Corporation and an employer within the meaning of Title VII.
        Defendant controls, owns and operates an electric utility that provides service within the
        State of Illinois.  Defendant employs more than 500 persons.

### FACTS

4.      Plaintiff is a black male.

5.      Plaintiff was hired by the Defendant in November 19, 1983.

6.      Plaintiff was employed by the defendant as a "meter reader" from 1983 through 1985.

7.      In 1985, Plaintiff was promoted to a "linesman" position.  Plaintiff held this position
        from 1985 through 1991.

8.      In 1991 Plaintiff's position was changed to "inspector."  Plaintiff held this position from
        1991 through October 17, 2006, at which time he was suspended and eventually
        terminated by the defendant.

9.      In the spring of 2005 Mr. Bill Mange was named director/manager of Plaintiff's
        department.  Mr. Menge is a white male.

10.     Prior to the arrival of Mr. Menge, Plaintiff had suffered no discipline and was meeting the
        reasonable expectations of his employer.  In fact, Supervisor Victor Hernandez stated that
        Plaintiff was one of his best workers.

11.     Plaintiff had a contractual employment relationship with Defendant.

12.     Following the appointment of Mr. Menge, Plaintiff was subjected to terms and conditions
        of employment which were not applied to similarly situated non-black employees,

-2-

inclusive of but not limited to the following:

a.    Plaintiff was given work assignments which required him to travel far from his location, this was done despite the fact that similarly situated workers who were white lived much closer to the work location and had volunteered to take it.

b.    Plaintiff was targeted for discipline and followed by investigators which eventually resulted in a suspension and loss of pay.

c.    Plaintiff's work was scrutinized to a degree not applied to similarly situated white employees.

d.    Plaintiff was denied promotional opportunities granted to less qualified non-black employees.

e.    Plaintiff was more harshly disciplined than similaly situated non-black employees.

10.    The above actions were directed at Plaintiff by supervisory personnel of the Defendant its agents/employees.

11.    On or about March 23, 2006, Plaintiff complained of race discrimination to Mr. Wayne Lynn - Director.  No corrective action was taken.

12.    On or about October 16, 2006, Plaintiff filed an internal complaint of discrimination via e-mail with Human Resources. No corrective action was taken.

13.    On October 17, 2006, within hours of filing his internal complaint of discrimination Plaintiff was suspended by Mr. Menge without pay.  Plaintiff was given no reason for the suspension.

14.    On December 5, 2006, Plaintiff was notified that he was terminated.  Plaintiff was presented with no evidence of any wrongdoing and Defendant merely cited three alleged

rule violations which are vague and unspecific. Defendants stated reasons for termination were and are pretextual.

14.    Plaintiff's suspension and subsequent termination was discriminatory and retaliatory.

15.    Plaintiff suffered the above discrimination because of his race and but for complaining fo said race discrimination would not have been retaliated against, suspended and terminated by the Defendant.

16.    Plaintiff complained of the above actions/harassment/discrimination to Defendant through supervisory personnel/agents of the Defendant, Human resources and through the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights.

17.    Subsequently Plaintiff found himself being harassed and subjected to false/meritless/unjustified/un-investigated/pretextual accusations by Defendants.

18.    The aforesaid accusations were made in retaliation for Plaintiff having complained internally of Defendant's discriminatory employment practices.

19.    The aforesaid false accusations were made by the Defendant, its agents and/or managers in an effort to support the ouster of Plaintiff from his job of 21 years, and/or in retaliation for having complained internally of said discriminatory conduct.

20.    Defendants concocted false documentation to support discipline applied to Plaintiff.

21.    Defendants failed to follow their own stated policy with regard to discipline as it applied to Plaintiff. Disparate discipline was applied to Plaintiff as compared to similarly situated white employees

22.    Plaintiff was discriminated against by Defendants in his employment on the basis of his

-4-

race.

23.  Plaintiff was harassed because of his race and suffered a hostile work environment
     because of his race.

24.  Plaintiff was subjected to discipline/accusations not applied to other similarly situated
     employees who were not black.

25.  Plaintiff complained to Defendants of the harassment and discrimination suffered, yet no
     corrective action was taken.

26.  Non-black workers were treated more favorably than black workers by the Defendant
     because of their race.

27.  On January 5, 2007, Plaintiff timely filed a charge of race discrimination and retaliation
     with the Equal Employment Opportunity Commission ("EEOC") Charge No. 440-2007-
     02252.

28.  On November 1, 2007, Plaintiff was issued a Notice of Right to Sue by the EEOC.

29.  Plaintiff files this complaint within 90 days of receipt of the aforementioned Notice of
     Right to Sue.

30.  Plaintiff has met all prerequisites required prior to filing this suit.

### COUNT I
### RACE DISCRIMINATION IN VIOLATION OF  § 1981

1-30.  Plaintiff repeats and re-alleges paragraphs 1 through 30 above as paragraphs 1 through 30
       of Count I, as though fully set forth herein.

31.  Plaintiff is black.

32.  Plaintiff received commendations and promotion for over 20 years and was meeting the

legitimate work expectations of the Defendant.  Plaintiff's problems began with the arrival of Mr. Menge.

33. Plaintiff was targeted for harassment because of his race.

34. Plaintiff was targeted for false discipline/accusations because of his race.

35. Plaintiff was denied equivalent treatment as compared to his non-black counterparts because of race.

36. Plaintiff was scrutinized to an extent not suffered by non-black employees.

37. Non-black employees were treated more favorably than black employees because of race.

38. Plaintiff suffered the above discrimination and harassment at the hands of the Defendants, its supervisors and/or agents because of his race.

39. Plaintiff informed and complained to the Defendant of these discriminatory actions yet no corrective action was taken.

40. Plaintiff was disciplined on false and pretextual grounds because of his race.

41. Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish. Painful embarrassment among his friends and co-workers, disruption of her personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

   **WHEREFORE,**    Plaintiff respectfully prays that this Honorable Court grant the following relief:

   A.    Award compensatory damages against the Defendant in an amount in excess of seven hundred and fifty thousand dollars ($750,000.00)

   B.    Award the Plaintiff back pay, pre-judgment interest, post-judgment interest, lost

benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C.     Award punitive damages as allowed by law.

D.     Award reasonable attorney's fees and costs of this suit.

E.     Such other relief as this Honorable Court deems just and

proper under the circumstances.

### COUNT II
### HOSTILE ENVIRONMENT

1-41.   Plaintiff repeats and re-alleges paragraphs 1 through 41 above as paragraphs 1 through 41 of Count II, as though fully set forth herein.

42.     Plaintiff was subject to unwelcome harassment as specified above because of his race.

43.     The harassment Plaintiff suffered was based upon his race.

44.     The harassment suffered by Plaintiff was severe, pervasive and altered the terms and conditions of his employment.

45.     The harassment intensified over time until it has become a daily occurrence.

46.     Defendants were aware of the harassment/discrimination yet took no corrective measures.

47.     The harassment was perpetrated by supervisory personnel of the Defendant and/or Defendant itself.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

A.     Award compensatory damages against the Defendant in an amount in excess of seven hundred and fifty thousand dollars ($750,000.00)

B.     Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or

-7-

front-pay, in an effort to make Plaintiff whole.

C.     Award punitive damages as allowed by law.

D.     Award reasonable attorney's fees and costs of this suit.

E.     Such other relief as this Honorable Court deems just and

proper under the circumstances.

### COUNT III
### DISPARATE TREATMENT

1-47.   Plaintiff repeats and re-alleges paragraphs 1 through 47 above as paragraphs 1 through 47

of Count III, as though fully set forth herein.

48.     The Plaintiff is a 43 year old, black male, a 21 year employee of the Defendant.

49.     The Plaintiff was and is qualified for the jobs he held.

50.     The Plaintiff adequately performed all of the functions that his job entailed.

51.     Despite the Plaintiff's qualifications and performance he was discriminated against by the

Defendant because of his race.

52.     The discrimination and disparate treatment suffered by the Plaintiff at the hands of the

Defendant was intentional.

53.     The Defendant has discriminated against the Plaintiff in the terms and conditions of his

employment on the basis of race.

54.     The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory

employment practices engaged in and tolerated by the Defendants unless and until this

Honorable Court grants relief.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the

following relief:

    A.    Award compensatory damages against the Defendant in an amount in excess amount of seven hundred and fifty thousand dollars ($750,000.00)

    B.    Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

    C.    Award punitive damages as allowed by law.

    D.    Award reasonable attorney's fees and costs of this suit.

    E.    Such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT IV
### RETALIATION

1-54.    Plaintiff repeats and re-alleges paragraphs 1 through 54 above as paragraphs 1 through 54 of Count IV, as though fully set forth herein.

55.    Plaintiff engaged in a protected activity, in that he filed complaints of race discrimination, harassment/retaliation internally and with the EEOC.

56.    Plaintiff was subsequently hounded, harassed, unlawfully suspended and subsequently terminated within hours of complaining to Human Resources. That suspension and termination was without basis and were retaliatory.

57.    Plaintiff was subjected to unfounded disciplinary action, and had his relationship with co-workers adversely affected because he lawfully complained of Defendants actions and/or inactions.

58.    A causal connection exists between Plaintiff's complaints of discrimination, retaliation,

harassment, and the adverse employment actions and discriminatory acts placed upon and to him.

59.    Plaintiff suffered and continues to suffer as a result of the Defendant's retaliatory conduct.

60.    Plaintiff has suffered physical upset, emotional distress, damage to his good reputation, extreme mental anguish. Painful embarrassment among his friends and co-workers, disruption of his personal life, financial loss and the loss and enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

A.    Award damages against the Defendant in an amount in excess of seven hundred and fifty thousand dollars ($750,000.00).

B.    Award the Plaintiff punitive damages and determined by the jury, back pay, pre-judgment interest and lost benefits in an effort to make Plaintiff whole.

C.    Award reasonable attorney's fees and costs of this suit.

D.    Such other relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted**,**

By:_____
        Charles Siedlecki
        Attorney for Plaintiff

-10-

Charles Siedlecki
Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405
Chicago, Illinois 60643
(773) 881-2535