IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 7096 |
| | ) | |
| vs. | ) | Honorable Judge Gettleman |
| | ) | |
| COMMONWEALTH EDISON COMPANY, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |

**DEFENDANT COMMONWEALTH EDISON'S
ANSWER TO COMPLAINT**

Defendant Commonwealth Edison, by it attorneys, states its Answer to Michael Neal's Complaint against it as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1981**;** Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq.; and the Civil Rights Attorney's Fee's Awards Act of 1976, 42 U.S.C. § 1988. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), as well as this Honorable Courts power to assert ancillary and pendant jurisdiction over any related state law claims. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) in that the claim arose in this jurisdictional district.

**RESPONSE: Defendant admits that Plaintiff brings this action under the indicated statutes, that this Court has jurisdiction over this action, and that venue for this action lies in the Northern District of Illinois. Defendant denies that Plaintiff is entitled to anything by virtue of this action.**

**PARTIES**

2. Plaintiff, Michael Neal (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America and a resident of the State of Illinois.

**RESPONSE: Defendant admits the allegation in Paragraph 2.**

C119150

3. Defendant Commonwealth Edison, (hereinafter sometimes referred to as "Defendant") is a registered Illinois Corporation and an employer within the meaning of Title VII. Defendant controls, owns and operates an electric utility that provides service within the State of Illinois. Defendant employs more than 500 persons.

**RESPONSE: Defendant admits that it is an Illinois Corporation, that it is an electric utility, that it employs more than 500 persons, and that it is an "employer" within the meaning of Title VII. Defendant denies any allegation in Paragraph 3 inconsistent with the foregoing.**

## FACTS

4. Plaintiff is a black male.

**RESPONSE: Defendant admits the allegation in Paragraph 4.**

5. Plaintiff was hired by the Defendant in November 19, 1983.

**RESPONSE: Defendant affirmatively states that its records indicate that Plaintiff began working for Defendant on November 24, 1983. Defendant denies anything inconsistent with the foregoing and denies any remaining allegations in Paragraph 5.**

6. Plaintiff was employed by the defendant as a "meter reader" from 1983 through 1985.

**RESPONSE: Defendant admits that Plaintiff was a meter reader in 1983 and 1985 but denies that he continued to be a meter reader "through" 1985. Defendant denies any remaining allegations in Paragraph 6.**

7. In 1985, Plaintiff was promoted to a "linesman" position. Plaintiff held this position from 1985 through 1991.

**RESPONSE: Defendant affirmatively states that Plaintiff became an Overhead Electrician (not a linesman) in 1985. Defendant admits that Plaintiff was an Overhead Electrician in 1991, but denies that he remained in that position "through" 1991. Defendant denies anything to the contrary and denies any remaining allegations in**

2

**Paragraph 7.**

8.  In 1991 Plaintiff's position was changed to "inspector." Plaintiff held this position from 1991 through October 17, 2006, at which time he was suspended and eventually terminated by the defendant.

**RESPONSE: Defendant admits that in 1991 Plaintiff became a Maintenance Inspector ("MI"). Defendant admits that Plaintiff held the MI position through October 17, 2006. Defendant further admits that Plaintiff was suspended on October 17, 2006, and that he was eventually discharged. Defendant denies anything to the contrary, and denies any remaining allegations in Paragraph 8.**

9.  In the spring of 2005 Mr. Bill Mange [sic] was named director/manager of Plaintiff's department. Mr. Menge is a white male.

**RESPONSE: Defendant admits the allegation in Paragraph 9.**

10. Prior to the arrival of Mr. Menge, Plaintiff had suffered no discipline and was meeting the reasonable expectations of his employer. In fact, Supervisor Victor Hernandez stated that Plaintiff was one of his best workers.

**RESPONSE: Defendant denies the allegations in Paragraph 10.**

11. Plaintiff had a contractual employment relationship with Defendant.

**RESPONSE: Defendant admits that Plaintiff's relationship with Defendant would be considered "contractual" within the meaning of § 1981. Defendant denies that Plaintiff was working pursuant to a personal employment contract and denies any remaining allegations in Paragraph 11.**

12. Following the appointment of Mr. Menge, Plaintiff was subjected to terms and conditions of employment which were not applied to similarly situated non-black employees, inclusive of but not limited to the following:

   a.  Plaintiff was given work assignments which required him to travel far from his location, this was done despite the fact that similarly situated workers who were white lived much closer to the work location and had volunteered to take it.

   b.  Plaintiff was targeted for discipline and followed by investigators which

3

    eventually resulted in a suspension and loss of pay.

c.     Plaintiff's work was scrutinized to a degree not applied to similarly situated white employees.

d.     Plaintiff was denied promotional opportunities granted to less qualified non-black employees.

e.     Plaintiff was more harshly disciplined than similarly situated non-black employees.

**RESPONSE: Defendant denies the allegations in Paragraph 12.**

10.*[sic] The above actions were directed at Plaintiff by supervisory personnel of the Defendant its agents/employees.

**RESPONSE: Defendant denies the allegations in Paragraph 10.\***

11.*[sic] On or about March 23, 2006, Plaintiff complained of race discrimination to Mr. Wayne Lynn - Director. No corrective action was taken.

**RESPONSE: Defendant denies the allegations in Paragraph 11.\***

12.*[sic] On or about October 16, 2006, Plaintiff filed an internal complaint of discrimination via e-mail with Human Resources. No corrective action was taken.

**RESPONSE: Defendant denies the allegations in Paragraph 12.\***

13.     On October 17, 2006, within hours of filing his internal complaint of discrimination Plaintiff was suspended by Mr. Menge without pay. Plaintiff was given no reason for the suspension.

**RESPONSE: Defendant affirmatively states that on October 17, 2006, Defendant conducted a fact finding, in which Plaintiff was given the opportunity to explain what appeared to be multiple violations of Company rules. At the end of the fact finding, Plaintiff was suspended, without pay, pending the conclusion of the investigation. Defendant denies anything contrary to the foregoing and denies any remaining allegations in Paragraph 13.**

---

*[sic] Plaintiff has incorrectly numbered many allegations in the complaint, using duplicate numbers. Defendant will answer using incorrect, duplicate numbers, but will indicate incorrect numbers by marking the paragraph with an asterisk.

4

14. On December 5, 2006, Plaintiff was notified that he was terminated. Plaintiff was presented with no evidence of any wrongdoing and Defendant merely cited three alleged rule violations which are vague and unspecific. Defendants stated reasons for termination were and are pretextual.

**RESPONSE: Defendant affirmatively states that that Plaintiff was given a termination letter dated December 5, 2006, that sets out the reasons why Plaintiff was terminated. The letter states several reasons for the termination, including, but not limited to violations of three Standards of Conduct. Defendant denies anything to the contrary, and denies the remaining allegations in Paragraph 14.**

14.*[sic] Plaintiff's suspension and subsequent termination was discriminatory and retaliatory.

**RESPONSE: Defendant denies the allegations in Paragraph 14.***

15. Plaintiff suffered the above discrimination because of his race and but for complaining for said race discrimination would not have been retaliated against, suspended and terminated by the Defendant.

**RESPONSE: Defendant denies the allegations in Paragraph 15.**

16. Plaintiff complained of the above actions/harassment/discrimination to Defendant through supervisory personnel/agents of the Defendant, Human resources and through the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights.

**RESPONSE: Defendant admits that Plaintiff filed a charge with the EEOC. Defendant admits that Defendant complained to Defendant that he was being harassed (but not on the basis of any protected characteristic). Defendant denies the remaining allegations in Paragraph 16.**

17. Subsequently Plaintiff found himself being harassed and subjected to false/meritless/unjustified/un-investigated/ pretextual accusations by Defendants.

**RESPONSE: Defendant denies the allegations in Paragraph 17.**

18. The aforesaid accusations were made in retaliation for Plaintiff having complained internally of Defendant's discriminatory employment practices.

5

**RESPONSE: Defendant denies the allegations in Paragraph 18.**

19. The aforesaid false accusations were made by the Defendant, its agents and/or managers in an effort to support the ouster of Plaintiff from his job of 21 years, and/or in retaliation for having complained internally of said discriminatory conduct.

**RESPONSE: Defendant denies the allegations in Paragraph 19.**

20. Defendants concocted false documentation to support discipline applied to Plaintiff.

**RESPONSE: Defendant denies the allegations in Paragraph 20.**

21. Defendants failed to follow their own stated policy with regard to discipline as it applied to Plaintiff. Disparate discipline was applied to Plaintiff as compared to similarly situated white employees.

**RESPONSE: Defendant denies the allegations in Paragraph 21.**

22. Plaintiff was discriminated against by Defendants in his employment on the basis of his race.

**RESPONSE: Defendant denies the allegations in Paragraph 22.**

23. Plaintiff was harassed because of his race and suffered a hostile work environment because of his race.

**RESPONSE: Defendant denies the allegations in Paragraph 23.**

24. Plaintiff was subjected to discipline/accusations not applied to other similarly situated employees who were not black.

**RESPONSE: Defendant denies the allegations in Paragraph 24.**

25. Plaintiff complained to Defendants of the harassment and discrimination suffered, yet no corrective action was taken.

**RESPONSE: Defendant denies the allegations in Paragraph 25.**

26. Non-black workers were treated more favorably than black workers by the Defendant because of their race.

**RESPONSE: Defendant denies the allegations in Paragraph 26.**

27. On January 5, 2007, Plaintiff timely filed a charge of race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") Charge No. 440-

6

2007-02252.

**RESPONSE:  Defendant admits that the EEOC received Charge No. 440-2007-02252 on January 5, 2007.  Defendant affirmatively states that Plaintiff's signature on the Charge is dated January 8, 2007.  Defendant denies that the said Charge was timely with respect to all allegations, and denies any remaining allegations in Paragraph 27.**

28.     On November 1, 2007, Plaintiff was issued a Notice of Right to Sue by the EEOC.

**RESPONSE:  Defendant admits the allegation in Paragraph 28.**

29.     Plaintiff files this complaint within 90 days of receipt of the aforementioned Notice of Right to Sue.

**RESPONSE:  Defendant admits the allegation in Paragraph 29.**

30.     Plaintiff has met all prerequisites required prior to filing this suit.

**RESPONSE:  Defendant denies that Plaintiff filed a timely charge with respect to all of his allegations, and on that basis denies Paragraph 30.**

## COUNT I
## RACE DISCRIMINATION VIOLATION OF § 1981

1-30.   Plaintiff repeats and re-alleges paragraphs 1 through 30 above as paragraphs 1 through 30 of Count I, as though fully set forth herein.

**RESPONSE:   Defendant repeats its answers to Paragraphs 1 through 30 as its answers to paragraphs 1-30 of Count I, as though fully set forth herein.**

31.     Plaintiff is black.

**RESPONSE:  Defendant admits the allegation in Paragraph 31 of Count I.**

32.     Plaintiff received commendations and promotion for over 20 years and was meeting the legitimate work expectations of the Defendant.  Plaintiff's problems began with the arrival of Mr. Menge.

**RESPONSE:  Defendant denies the allegation in Paragraph 32 of Count I.**

33.     Plaintiff was targeted for harassment because of his race.

**RESPONSE: Defendant denies the allegation in Paragraph 33 of Count I.**

34.     Plaintiff was targeted for false discipline/accusations because of his race.

**RESPONSE: Defendant denies the allegation in Paragraph 34 of Count I.**

35.     Plaintiff was denied equivalent treatment as compared to his non-black counterparts because of race.

**RESPONSE: Defendant denies the allegation in Paragraph 35 of Count I.**

36.     Plaintiff was scrutinized to an extent not suffered by non-black employees.

**RESPONSE: Defendant denies the allegation in Paragraph 36 of Count I.**

37.     Non-black employees were treated more favorably than black employees because of race.

**RESPONSE: Defendant denies the allegation in Paragraph 37 of Count I.**

38.     Plaintiff suffered the above discrimination and harassment at the hands of the Defendants, its supervisors and/or agents because of his race.

**RESPONSE: Defendant denies the allegation in Paragraph 38 of Count I.**

39.     Plaintiff informed and complained to the Defendant of these discriminatory actions yet no corrective action was taken.

**RESPONSE: Defendant denies the allegation in Paragraph 39 of Count I.**

40.     Plaintiff was disciplined on false and pretextual grounds because of his race.

**RESPONSE: Defendant denies the allegation in Paragraph 40 of Count I.**

41.     Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish.  Painful embarrassment among his friends and coworkers, disruption of her personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

**RESPONSE: Defendant denies the allegation in Paragraph 41 of Count I.**

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant the following relief:

> A. Award compensatory damages against the Defendant in an amount in excess of seven hundred and fifty thousand dollars ($750,000.00)
>
> B. Award the Plaintiff back pay, pre-judgment interest, post-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.
>
> C. Award punitive damages as allowed by law.
>
> D. Award reasonable attorney's fees and costs of this suit.
>
> E. Such other relief as this Honorable Court deems just and proper under the circumstances.

**RESPONSE: Defendant admits that Plaintiff prays for the said relief, but denies that he is entitled to anything by reason of this Complaint.**

## COUNT II
## HOSTILE ENVIRONMENT

1-41. Plaintiff repeats and re-alleges paragraphs 1 through 41 above as paragraphs 1 through 41 of Count II, as though fully set forth herein.

**RESPONSE: Defendant moves to strike this allegation as improper. Paragraphs 31 through 41 constitute Count I of this Complaint. Plaintiff cannot incorporate by reference Count I as Count II. Notwithstanding the foregoing, Defendant repeats its answers to Paragraphs 1 through 41 as its answers to paragraphs 1-41 of Count II, as though fully set forth herein.**

42. Plaintiff was subject to unwelcome harassment as specified above because of his race.

**RESPONSE: Defendant denies the allegations in Paragraph 42 of Count II.**

43. The harassment Plaintiff suffered was based upon his race.

**RESPONSE: Defendant denies the allegations in Paragraph 43 of Count II.**

44. The harassment suffered by Plaintiff was severe, pervasive and altered the terms and conditions of his employment.

**RESPONSE: Defendant denies the allegations in Paragraph 44 of Count II.**

45. The harassment intensified over time until it has become a daily occurrence.

**RESPONSE: Defendant denies the allegations in Paragraph 45 of Count II.**

46. Defendants were aware of the harassment/discrimination yet took no corrective measures.

**RESPONSE: Defendant denies the allegations in Paragraph 46 of Count II.**

47. The harassment was perpetrated by supervisory personnel of the Defendant and/or Defendant itself.

**RESPONSE: Defendant denies the allegations in Paragraph 47 of Count II.**

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant the following relief:

A. Award compensatory damages against the Defendant in an amount in excess of seven hundred and fifty thousand dollars ($750,000.00)

B. Award the Plaintiff back pay, pre-judgment interest, post-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C. Award punitive damages as allowed by law.

D. Award reasonable attorney's fees and costs of this suit.

E. Such other relief as this Honorable Court deems just and proper under the circumstances.

**RESPONSE: Defendant admits that Plaintiff prays for the said relief, but denies that he is entitled to anything by reason of this Complaint.**

## COUNT III
## DISPARATE TREATMENT

1-47. Plaintiff repeats and re-alleges paragraphs 1 through 47 above as paragraphs 1 through 47 of Count III, as though fully set forth herein.

**RESPONSE: Defendant moves to strike this allegation as improper. Paragraphs 31 through 41 constitute Count I of this Complaint and Paragraphs 42 through 47 constitute Count II. Plaintiff has already incorporated Count I into Count II, so Count I is now**

**alleged three times.  Count II is alleged twice.  Notwithstanding the foregoing, Defendant repeats its answers to Paragraphs 1 through 47 as its answers to paragraphs 1-47 of Count III, as though fully set forth herein.**

    48.    The Plaintiff is a 43 year old, black male, a 21year employee of the Defendant.

**RESPONSE: Defendant admits the allegations in Paragraph 48 of Count III.**

    49.    The Plaintiff was and is qualified for the jobs he held.

**RESPONSE: Defendant admits that Plaintiff had the basic qualifications for the IM job.  Defendant denies any remaining allegation in Paragraph 49 of Count III.**

    50.    The Plaintiff adequately performed all of the functions that his job entailed.

**RESPONSE: Defendant denies the allegations in Paragraph 50 of Count III.**

    51.    Despite the Plaintiff's qualifications and performance he was discriminated against by the Defendant because of his race.

**RESPONSE: Defendant denies the allegations in Paragraph 51 of Count III.**

    52.    The discrimination and disparate treatment suffered by the Plaintiff at the hands of the Defendant was intentional.

**RESPONSE: Defendant denies the allegations in Paragraph 52 of Count III.**

    53.    The Defendant has discriminated against the Plaintiff in the terms and conditions of his employment on the basis of race.

**RESPONSE: Defendant denies the allegations in Paragraph 53 of Count III.**

    54.    The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory employment practices engaged in and tolerated by the Defendants unless and until this Honorable Court grants relief.

**RESPONSE: Defendant denies the allegations in Paragraph 54 of Count III.**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant the following relief:

    A.    Award compensatory damages against the Defendant in an amount in excess of seven hundred and fifty thousand dollars ($750,000.00)

B.     Award the Plaintiff back pay, pre-judgment interest, post-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C.     Award punitive damages as allowed by law.

D.     Award reasonable attorney's fees and costs of this suit.

E.     Such other relief as this Honorable Court deems just and proper under the circumstances.

**RESPONSE: Defendant admits that Plaintiff prays for the said relief, but denies that he is entitled to anything by reason of this Complaint.**

## COUNT IV
## RETALIATION

1-54.   Plaintiff repeats and re-alleges paragraphs 1 through 54 above as paragraphs 1 through 54 of Count IV, as though fully set forth herein.

**RESPONSE: Defendant moves to strike this allegation as improper. Paragraphs 31 through 41 constitute Count I of this Complaint, Paragraphs 42 through 47 constitute Count II, and Paragraphs 48 through 54 constitute Count III. Plaintiff has already incorporated Count I into Count II and Count III, so Count I is now alleged four times. Count II is alleged three times and Count III is alleged twice. Notwithstanding the foregoing, Defendant repeats its answers to Paragraphs 1 through 54 as its answers to paragraphs 1-54 of Count IV, as though fully set forth herein.**

55.   Plaintiff engaged in a protected activity, in that he filed complaints of race discrimination, harassment/retaliation internally and with the EEOC.

**RESPONSE: Defendant admits that Plaintiff filed a charge of discrimination with the EEOC. Defendant further admits that Plaintiff reported internally that he was being "harassed." Defendant denies that this constitutes protected activity and denies any remaining allegations in Paragraph 55 of Count IV.**

56. Plaintiff was subsequently hounded, harassed, unlawfully suspended and subsequently terminated within hours of complaining to Human Resources. That suspension and termination was without basis and were retaliatory.

**RESPONSE: Defendant denies the allegations in Paragraph 56 of Count IV.**

57. Plaintiff was subjected to unfounded disciplinary action, and had his relationship with coworkers adversely affected because he lawfully complained of Defendants actions and/or inactions.

**RESPONSE: Defendant denies the allegations in Paragraph 57 of Count IV.**

58. A causal connection exists between Plaintiff's complaints of discrimination, retaliation, harassment, and the adverse employment actions and discriminatory acts placed upon and to him.

**RESPONSE: Defendant denies the allegations in Paragraph 58 of Count IV.**

59. Plaintiff suffered and continues to suffer as a result of the Defendant's retaliatory conduct.

**RESPONSE: Defendant denies the allegations in Paragraph 59 of Count IV.**

60. Plaintiff has suffered physical upset, emotional distress, damage to his good reputation, extreme mental anguish. Painful embarrassment among his friends and co-workers, disruption of his personal life, financial loss and the loss and enjoyment of the ordinary pleasures of everyday life.

**RESPONSE: Defendant denies the allegations in Paragraph 60 of Count IV.**

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

A. Award damages against the Defendant in an amount in excess of seven hundred and fifty thousand dollars ($750,000.00).

B. Award the Plaintiff punitive damages and determined by the jury, back pay, pre-judgment interest and lost benefits in an effort to make Plaintiff whole.

C. Award reasonable attorney's fees and costs of this suit.

D. Such other relief as this Honorable Court deems just and proper under the circumstances.

**RESPONSE: Defendant admits that Plaintiff prays for the said relief, but denies that he is entitled to anything by reason of this Complaint.**

## ADDITIONAL AND AFFIRMATIVE DEFENSE

Defendant Commonwealth Edison Company, by and through its undersigned attorneys, submits the following Additional and Affirmative Defenses to the Complaint filed by Plaintiff Michael Neal.

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

1. The EEOC Charge was not filed within 300 days after some of the alleged discriminatory activity. Accordingly, Plaintiff has not exhausted his administrative remedies under Title VII.

### FAILURE TO STATE A CLAIM

2. There is no cause of action for retaliation under Section 1981. Accordingly, to the extent that Plaintiff is attempting to state a cause of action under Section 1981 for retaliation, the claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### FAILURE TO MITIGATE DAMAGES

3. On information and belief, Plaintiff has failed to take reasonable steps to mitigate his damages.

### NO VICARIOUS LIABILITY

4. Any violations of the law by Defendant's managerial employees were contrary to Defendant's good faith efforts to comply with the law.

WHEREFORE, Defendant Commonwealth Edison Company respectfully requests that judgment be entered in its favor.

|  |  |
|---|---|
| | Respectfully submitted, |
| February 19, 2008 | COMMONWEALTH EDISON COMPANY |
| | By: _____s/ Kent Sezer_____ |
| | One of its attorneys |

Lawrence Kent Sezer
Exelon Business Services
10 S. Dearborn Street, 49th Floor
Chicago, Illinois 60603
(312) 394-7831
(312) 394-4895
Attorneys for Defendants