**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 2 0 2008
Mar 20 2008
Judge Robert W. Gettleman
United States District Court

| | | |
|---|---|---|
| MICHAEL NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 7096 |
| | ) | |
| vs. | ) | Honorable Judge Gettleman |
| | ) | Judge Presiding |
| COMMONWEALTH EDISON COMPANY, | ) | |
| | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

## JOINT STATUS REPORT

A. This matter is set for status hearing before the Court on March 25, 2008, at 9:00 a.m.

B. The attorneys of record for each party are as follows:

**For Plaintiff:**

Charles Siedlecki
Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405
Chicago, Illinois 60643
(773) 881-2535

**For Defendant:**

Kent Sezer
Exelon Business Services Company, LLC
10 South Dearborn Street - 49th Floor
Chicago, Illinois 60603
(312) 394-7831

C. This action is brought pursuant to 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq.; Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4).

C121479

**D.**	Plaintiff has requested a Jury.

**E.**	The nature of the case is briefly, as follows:

Plaintiff Mr. Neal, a black, male, twenty-three (23) year employee of the Defendant brings this action alleging race discrimination/retaliation, in violation of Title VII and 42 U.S.C. § 1981.

Plaintiff alleges that the discrimination suffered began when Bill Menge, a white, male, employee/agent of the Defendant was appointed as his manager. Plaintiff alleges that Mr. Menge, harassed and discriminated against him in the terms and conditions of his employment because of his race.

Plaintiff gave notice to the Defendant of the unlawful discrimination on March 23, 2006 (Wayne Lynn - Director) and on October 16, 2006, to Human Resources. Within hours of filing his October 16, 2006, complaint - Plaintiff was suspended without pay by Mr. Menge. On December 5, 2006, Plaintiff was informed he had been terminated. Plaintiff alleges he was suspended and subsequently terminated in retaliation for having complained of discrimination based upon race and that Defendant's proffered reasons were pretextual.

Defendant contends that Plaintiff was caught in a series of wrongful acts, such as going to a workout club and shopping when he was supposed to be working. Plaintiff was given a "last chance" notice, which he repeatedly violated. Among other things, Plaintiff would turn off the GPS tracking system on his cell phone so that the Company could not track him, refuse to answer repeated calls to his cell phone, and use the Company's computers for personal purposes on Company time. After numerous warnings, Plaintiff was discharged. There is no white employee who engaged in similar conduct and was not fired.

Defendant further denies that Plaintiff had previously claimed that he was the victim of racial discrimination. When Plaintiff knew that he was about to be fired for misconduct, he quickly filed an internal complaint of "harassment." Thus, the fact that Plaintiff was fired shortly after he filed an internal complaint is not evidence of retaliation.

**F.** Plaintiffs seeks back-pay, front-pay, compensatory and punitive damages as to each count. Further Plaintiffs seek attorney fees and costs of suit, pre-judgment and post-judgment interest.

**G.** All known parties have been served.

**H.** There are no known legal issues at this time.

**I.** Principal Factual Issues:
- Whether Plaintiff was subjected to unequal terms and conditions of employment because of his race;

- Whether Plaintiff was disciplined because of his race;

- Whether Plaintiff was otherwise subjected to hostile work environment racial harassment;

- Whether Plaintiff was discharged because of his race;

- Whether Plaintiff was harassed and/or discharged in retaliation for previous claims of alleged race discrimination;

- Whether Plaintiff has failed to take reasonable steps to mitigate his damages.

**J.** Defendant anticipates filing a motion for summary judgment.

**K.** Pursuant to FRCP 26(f) the attorneys for the parties agree to the following Discovery Plan:

    1. The parties propose a fact discovery cut-off date of September, 29, 2008. The parties suggest that expert discovery be held in abeyance pending a ruling on dispositive motions.

    2.    Maximum of 25 interrogatories, as to each party.
    3.    Maximum of 30 requests for admission, as to each party.
    4.    Number of depositions required is not determinable at this juncture.
    5.    Supplementation of discovery under FRCP 26 (e) will be expected and required.
    6.    Discovery intended only to follow up on supplemental discovery responses is exempted from the above referenced limitation period.
    7.    The parties request a settlement conference with the Court before the Court enters a scheduling order.
    8.    All potentially dispositive motions should be filed by October 17, 2008.

**L.**    This case should be ready for trial ninety days after the completion of expert discovery, and at this time is expected to take six (6) court days.

**M.**    The parties have not yet had an opportunity to discuss settlement. The parties are agreeable to a settlement conference with the assigned Magistrate Judge.

**N.**    The parties have not yet agreed to proceed before Magistrate assigned.

Dated: _____March 20, 2008_____          _____s/ Kent Sezer_____
                                                                   Attorney for Plaintiff


                                                       _____s/ Charles Siedlecki_____
                                                                Attorney for Defendants

Charles Siedlecki and Associates
10540 South Western Avenue
Suite 405
Chicago, Illinois 60643
Telephone:    (773) 881-2535
Facsimile:    (773) 779-9086

Kent Sezer
Exelon Business Services Company, LLC
10 South Dearborn Street
49th Floor
Chicago, Illinois 60603
Telephone:    (312) 394-7831
Facsimile:    (312) 394-4895

4